# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWN BOUTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 05 C 7305 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| ELAINE CHAO, Secretary, United States Department of Labor, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dawn Boutté seeks review of a determination of the U.S. Department of Labor regarding Boutté's right to workers' compensation benefits under the Federal Employees' Compensation Act ("FECA") and seeks damages for medical bills and lost wages, as well as $500,000.00 for pain and suffering. Defendant has moved to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

### Facts

On March 18, 1999, Boutté filed a workers' compensation claim stating that she injured her back on September 9, 1998 while working at a veterans hospital in Chicago and attempting to climb over a counter. (Compl., Ex., AQS Injured Worker Case Query.) On July 29, 1999, the Department of Labor denied her compensation claim because the evidence she submitted did not establish that a condition had been diagnosed in connection with the claimed incident. (Compl., Ex., Letter from Thomas to Boutté of 7/29/99.) The letter advised Boutté that if she disagreed with the decision, she could appeal it. (Id.)

On March 22, 2000, Boutté asked the Office of Workers' Compensation Programs ("OWCP") to reconsider the decision. (Compl., Ex., Letter from Kon to Boutté of 11/5/02.) On August 24, 2000, the OWCP denied the request because Boutté failed to submit any new evidence or arguments to warrant a review of the July 29, 1999 decision. (*Id.*)

On April 5, 2002, the OWCP received from Boutté an application to reconsider the July 29, 1999 decision. (*Id.*) Because the request was received more than one year after the July 29, 1999 decision, the OWCP did not apply the "good cause" standard, but instead applied the standard which required her to show "clear evidence" that must be "positive, precise and explicit and must manifest on its face that the Office committed an error." (*Id.*) Because the OWCP found that her application failed to present clear evidence of an error, it was denied. (*Id.*)

## Discussion

When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If defendant makes a facial attack, the "allegations are taken as true and construed in a light most favorable to the complainant." *Id.*

First, defendant attacks jurisdiction based on the face of the complaint and argues that the Court lacks jurisdiction to overturn the Department of Labor's decision to deny her claim because the FECA bars judicial review. The Court agrees.

For a federal employee seeking compensation for work-related injuries, the FECA is the "exclusive avenue of redress against the Government." *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th

Cir. 1995). In enacting the FECA, "Congress adopted the principal compromise-the 'quid pro quo'-commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). Thus, the FECA provides that "[t]he action of the Secretary ... in allowing or denying a payment ... is ... final and conclusive for all purposes and with respect to all questions of law and fact; and ... not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b); *see Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996) (en banc).

Boutté's Complaint states that she was injured while working at the veteran's hospital when she attempted to climb over a counter, and she seeks review of the denial of her workers' compensation claim. She has submitted medical evidence in an effort to persuade the Court to reverse the Department of Labor's decision to deny her claim. However, the only avenue open to her was and is the FECA and its extensive administrative structure. Unfortunately for Boutté, this Court lacks jurisdiction to review the denial of her workers' compensation claim.

Second, the defendant launches a factual attack on jurisdiction arguing that to the extent Boutté is attempting to sue it for pain and suffering and other damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, she has failed to exhaust her administrative remedies. When making a factual attack, "the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai*, 11 F.3d at 1583 (citations omitted). The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit under the FTCA. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997).

3

"[T]he purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005), *cert. denied*, 127 S. Ct. 74 (2006). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

The Department of Labor has no record of receiving from Boutté (or anyone on her behalf) a Standard Form 95 or any other written notification of a claim for money damages in a sum certain arising from the circumstances of the date of the injury in this case. (Mot. Dismiss, Ex. 2, Carter Decl. ¶¶ 1-3.) This fact is not controverted by Boutté in any of her submissions to the Court. Accordingly, the Court finds that she has not exhausted her administrative remedies under the FTCA, which is necessary in order for this Court to have jurisdiction over any purported FTCA claim. Accordingly, to the extent that Boutté attempts to sue under the FTCA, the Court lacks jurisdiction.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss for lack of jurisdiction [doc. no. 15-1]. This case is hereby dismissed without prejudice.

**SO ORDERED**  ENTERED: 1/23/07

HON. RONALD A. GUZMAN
United States Judge

4